IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALAN WANEK, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV03248 |
| | ) | |
| V. | ) | |
| | ) | |
| PHILLIPS & COHEN ASSOCIATES, LTD., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the defendant's motion for Designation of Place of Trial (filing no. 14) requesting that the court designate North Platte, Nebraska as the place of trial for this action. The plaintiff filed a Motion in Opposition to Defendant's Request For Place of Trial (filing no. 15) requesting that the trial remain in Lincoln, Nebraska, the location where the case was filed and docketed. For the reasons set forth below the court denies the defendant's request to have the trial set for North Platte, Nebraska.

## BACKGROUND

    The plaintiff filed his complaint in the District Court of Nebraska on December 5, 2009 in Lincoln, Nebraska (filing no. 1). According to the allegations in the complaint, on or about April 9, 2009 the defendant sent the plaintiff correspondence in an attempt to collect a debt allegedly owed by the plaintiff to Bank of America (filing no. 1 at ¶ 9). The plaintiff alleges that the defendant violated various sections of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 et. seq., through its collection activities.

    The complaint did not contain a written request designating the place of trial in Omaha, Lincoln, or North Platte as is required under local rule NECivR 40.1(b). Pursuant to NECivR 40.1(c) the case was docketed in Lincoln, Nebraska, the city where the case was filed. The defendant filed its answer on January 28, 2010 (filing no. 11) along with a motion requesting that the court designate the place of trial in North Platte,

Nebraska (filing no. 14).   The plaintiff subsequently filed a Motion in Opposition to Defendant's Request for Place of Trial (filing no. 15).

Plaintiff resides in Crete, Nebraska (filing No.1, ¶ 4).  The plaintiff alleges that the defendant is incorporated in the state of Delaware and is a business engaged in the collection of debt within the state of Nebraska (filing no. 1, ¶ 5).  The defendant has denied that it is incorporated in the state of Delaware, but admits it is engaged in the collection of debt within Nebraska (filing no. 11, ¶ 5).  The defendant has not otherwise provided information regarding its state of incorporation or where its offices and employees are physically located.

## ANALYSIS

In deciding the place of trial "the judge shall consider the convenience of litigants, witnesses and counsel."  NECivR. 40.1(b)(1).  In analogous situations courts have held that the convenience of the litigants and witnesses are generally afforded greater weight than the convenience of counsel.  See Standard Office Sys. v. Ricoh, 742 F. Supp. 534, 537 (W.D. Ark. 1990)(noting convenience of counsel seldom has controlling weight in determining whether a transfer of an action to a district where it might have been brought is proper under 28 U.S.C. § 1404(a)).   Further, a transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other.  See Nelson v. Bekins Van Lines Co., 747 F.Supp. 532, 535 (D.Minn. 1990)(citing Van Dusen v. Barrack, 376 U.S. 612, 646 (1964)).

Although the plaintiff did not include a request for place of trial in his complaint, he nonetheless chose Lincoln, Nebraska as the place of trial by filing his suit in Lincoln.  See NECivR 40.1(c).  The defendant seeks to have the trial moved to North Platte.  In support of the request, the defendant notes that its counsel is located in North Platte.  The defendant also asserts that a trial in Lincoln will require "the Defendant and its representatives" to be away from their "homes and offices" for a longer period of time.  Thus, the defendant argues, a trial in North Platte will be more convenient for it and its representatives.   The defendant also argues that because the plaintiff's counsel is from Chicago, Illinois, he will incur travel expenses regardless of whether the trial is in Lincoln or North Platte.

In contrast, the plaintiff asserts that he lives in Crete, Nebraska, only 28 miles from Lincoln.  The plaintiff further alleges that the majority of the alleged misconduct

2

took place in close proximity to Lincoln.[1]  Thus, the plaintiff argues, a trial in Lincoln will be more convenient for him and is the more appropriate location for the trial.

The convenience to the defendant's counsel does not support moving the trial to North Platte, Nebraska.  In this case, the plaintiff resides 28 miles from Lincoln and approximately 220 miles from North Platte, creating a significant difference in travel time and expense for him if the trial is moved to North Platte.  Despite its contentions that the defendant and its representatives will be inconvenienced, the defendant has not provided any indication that any of its officers, employees, or representatives (beyond its counsel of choice) reside in Nebraska and will participate in the trial or will suffer prejudice if the trial is conducted in Lincoln rather than North Platte. Thus, if the trial is held in Lincoln, the inconvenience of travel apparently lies primarily with the defendant's attorney.  Although, the court may consider the convenience to counsel when determining the appropriate location for a trial under NECivR 40.1(b), the convenience to the parties and any potential witnesses will outweigh any inconvenience to counsel. See Standard Office Sys. v. Ricoh, 742 F. Supp. at 537.  Upon consideration,

IT IS ORDERED:

1. The defendant's Request For Place of Trial in North Platte, Nebraska, (filing no. 14), is denied.

DATED this 11th day of March, 2010.

BY THE COURT:

*S/ Cheryl R. Zwart*

_____
United States Magistrate Judge

---

[1] The plaintiff also argues that a trial in Lincoln will be more convenient for the judge.  The convenience of the judge is not a factor to can be considered under NECivR 40.1(b).